IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT MCCANN, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 14-170 (JBS/KMW) |
| THE BOROUGH OF MAGNOLIA, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Mr. Robert McCann
77 Vanderbilt Ct.
Sicklerville, NJ 08081
    Plaintiff Pro Se

**SIMANDLE, Chief Judge:**

I. INTRODUCTION

    Plaintiff Robert McCann brought this action asserting claims under 42 U.S.C. § 1983 against Defendants The Borough of Magnolia, Mayor Betty-Ann Cowling-Carson, Chief of Police John Evans, Officer Sherman, Municipal Court Judge Daniel Bernardin, and Prosecutor Howard Long.[1]  This matter comes before the Court on Plaintiff's Application to Proceed without Prepaying Fees or Costs. [Docket Item 1-1.] Because the application discloses that Plaintiff is indigent, the Court will permit Plaintiff's

---

[1] He sued Cowling-Carson, Evans, Sherman, Bernardin, and Long in their personal and official capacities.

Complaint [Docket Item 1] to be filed without prepayment of fees, pursuant to 28 U.S.C. § 1915(a).

Section 1915 also requires the Court to preliminarily review complaints filed in forma pauperis. Plaintiff alleges claims for violation of his equal protection and due process rights because the police refused to file complaints and investigate Plaintiff's claims against his apartment manager. Plaintiff also sues the prosecutor who declined to prosecute Plaintiff's criminal complaints and the judge who dismissed his criminal complaints for lack of probable cause. Plaintiff's claims will be dismissed with prejudice because Plaintiff has not alleged viable § 1983 claims and because the judge and prosecutor are entitled to judicial immunity and prosecutorial immunity, respectively.

## II. BACKGROUND

Plaintiff alleges that Coventry Place apartment manager Pat O'Brien and two maintenance employees unlawfully entered his apartment; evicted him without a court order; removed his belongings; destroyed, damaged, or misplaced his money, furniture, personal items, and clothes; changed his locks; and filed a false report stating that Plaintiff had been evicted. (Compl. at 1.)

Plaintiff called the Magnolia Police Department and reported crimes of breaking and entering, theft, and damage to

personal property. (Id. at 1.) Officer Sherman of the Magnolia Police allegedly told Plaintiff that "he had been evicted . . ., not to worry about [an eviction notice] and that he was trespassing and that he would be arrested if he did not leave the premises immediately . . . ." (Id. at 1.) Officer Sherman allegedly denied Plaintiff's request to file a complaint for unlawful entry, theft, and property damage. (Id. at 1-2.) Plaintiff met with Chief of Police John Evans who told Plaintiff that "the incident was not criminal but rather an eviction and plaintiff would not be allowed to file a complaint." (Id. at 2.) Plaintiff alleges that Evans threatened him with incarceration if he returned to the apartment. (Id. at 2.)

Plaintiff then wrote Magnolia's mayor and governing body "explaining that he thought the Police Department violated his right and had not afforded plaintiff equal protection under the law . . . ." (Id. at 2.) He believed that the Police Department condoned and did not investigate "an obvious crime." (Id.)

After two weeks, Officer Sherman contacted Plaintiff and said Plaintiff was not evicted and could reenter the unit. "[U]pon entering plaintiff noticed numerous items missing and a stench and foul odor coming from the furniture that had been replaced . . . ." (Id.) The missing items included family pictures, clothes, coin collections, money that had been hidden in the sofa, and memorabilia. (Id.)

3

Plaintiff filed a complaint about the missing items and, at the court date in January 2013, Municipal Court Judge Daniel Bernardin "found without calling the defendants to testify, or the Police department to testify, [n]or did the court allow the plaintiff to ask questions . . . . but that this matter was a civil matter and there was no probable cause to sustain the charges against the defendants." (Id.) The municipal prosecutor did not handle Plaintiff's complaint. (Id.) Judge Bernardin "instructed defendant to file suit in the Superior Court of NJ, Landlord Tenant Part." (Id.)

Plaintiff alleges that, the next day, he was served with a summons to appear in Landlord Tenant Court for eviction proceedings, even though Plaintiff had not defaulted on his rent payments. (Id.) Plaintiff alleges that he had complained to management "after finding mold in his apartment and being sickened enough to have to go to the hospital on numerous occasions," and that management was retaliating against him for complaining about the mold. (Id.)

Plaintiff asserts that the Defendants "conspired with Coventry Place Apartments to Violate the Equal Protection Clause of the constitution and abridge the rights of the plaintiff and deny him due process." (Id.) He further alleges that Defendants "did not properly investigate, prosecute, arraign, or preside over the hearing in accordance with state law." (Id. at 3.)

4

Plaintiff argues that "[t]he Police Department, Officer, Chief of Police, Prosecutor, Mayor and Judge had the final policy making authority to bind the Boro." (Id.) Plaintiff alleges that Defendants denied him equal protection by denying him the opportunity to file a complaint, "covneing [sic] an ad hoc court for the sole purpose of allowing the defendant to comimt [sic] a crime agaisnt [sic] another person who is black and file false police reports . . . ." (Id.) Plaintiff also claims that Defendants "conspired to cover up this crime . . . and delay the court process . . . ." (Id.)

Plaintiff seeks damages of $5,031,000.00. (Id.)

**III. STANDARD OF REVIEW**

Section 1915 requires the Court to preliminarily review each action filed in forma pauperis and to "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting 1915(e)(2)'s predecessor, the former § 1915(d)).

Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal

5

conclusions" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). In addition, if a complaint is vulnerable to dismissal, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

**IV.   DISCUSSION**

**A. Plaintiff's § 1983 Claims Fail**

To state a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). "Section 1983 is not a source of substantive rights and does not provide redress for common law torts—the plaintiff must allege a violation of a federal right." Berg v. Cnty. of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000). Plaintiff has not alleged a violation of a federal right.

Plaintiff's claims against the police for refusing to allow him to file a complaint fail because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S.

614, 619 (1973). As a result, Plaintiff "had no constitutionally protected right to file a criminal complaint." Green v. Sneath, Civ. 09- 0154, 2012 WL 1020253, at *7 (M.D. Pa. Mar. 26, 2012), aff'd, 508 F. App'x 106 (3d Cir. 2013). See also Hookey v. Lomas, 438 F. App'x 110, 113 (3d Cir. 2011) ("Trooper Townsend's alleged refusal to file a criminal complaint against Jones does not give rise to a viable § 1983 claim"); Diaz v. Cumberland Cnty. Jail, Civ. 10-3932 (JBS), 2010 WL 3825704, at *6 (D.N.J. Sept. 23, 2010) ("Since Plaintiff, a private citizen, is without authority to file criminal charges, his allegations that he was unduly denied an opportunity to file a criminal complaint against O'Cruz is facially without merit and will be dismissed with prejudice") (citation omitted); Caracter v. Avshalumov, Civ. 06-4310 (SRC), 2006 WL 3231465, at *4 (D.N.J. Nov. 8, 2006) ("Officer Hangan did not violate Plaintiff's civil rights when Officer Hangan refused Plaintiff's request to file a criminal complaint").

In addition, claims against police officers for failing to investigate complaints are not cognizable. See, e.g., Fuchs v. Mercer Cnty., 260 F. App'x 472, 475 (3d Cir. 2008) (plaintiff's "claim regarding defendants' allegedly deficient performance in investigating his private criminal complaint" fails because "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation"); Guarrasi v.

Gibbons, Civ. 07-5475, 2008 WL 4601903, at *9 (E.D. Pa. Oct. 15, 2008) (plaintiff's claim "that the police failed to execute his private criminal complaint" was "frivolous").

The Court will dismiss Plaintiff's claims against Officer Sherman and the Chief of Police with prejudice because their alleged actions do not give rise to a viable § 1983 claim. Plaintiff's claims against the Mayor and the Borough of Magnolia will also be dismissed with prejudice because they cannot be liable for having decision-making authority over the police when Plaintiff has not alleged a viable, underlying § 1983 claim.

**B. Absolute Immunity**

Plaintiff's claims against Judge Bernardin and prosecutor Long will also be dismissed with prejudice because judges and prosecutors are entitled to absolute immunity for their actions in furtherance of their judicial and prosecutorial duties, respectively.

"[G]enerally, a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Id. at 11. "[J]udicial immunity is not overcome by allegations of bad faith or malice." Id. "[T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.

Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (citations omitted). In determining whether judicial immunity applies, "the relevant inquiry is the 'nature' and 'function' of the act . . . ." Id. at 13 (citation omitted).

Plaintiff alleges that Judge Bernardin unlawfully found "that this matter was a civil matter and there was no probable cause to sustain the charges" and unlawfully suggested that this matter should be addressed in landlord-tenant court. (Compl. at 2.) Judge Bernardin made these assessments while acting in his capacity as a municipal court judge and there are no allegations that he wholly lacked jurisdiction. Therefore, he is entitled to immunity from suit and will be dismissed with prejudice.

Defendant Long, the prosecutor, is also entitled to immunity because "a prosecutor enjoys absolute immunity from s 1983 suits for damages when he acts within the scope of his prosecutorial duties." Imbler v. Pachtman, 424 U.S. 409, 420 (1976). "The decision to initiate a prosecution is at the core of a prosecutor's judicial role. A prosecutor is absolutely immune when making this decision . . . ." Kulwicki v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir. 1992) (citations omitted); see also Radocesky v. Munley, 247 F. App'x 363, 365 (3d Cir. 2007) ("[t]he decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is

9

absolutely immunized from a suit for damages"). "[B]ecause no additional allegations could exclude plaintiff from the Supreme Court's general rule that private citizens lack standing to challenge the prosecution or nonprosecution of others, amendment of the complaint would be futile." Kornafel v. Donohue, Civ. 09-06, 2009 WL 174116, at *2 (E.D. Pa. Jan. 22, 2009). Therefore, Plaintiff's claims against Long will also be dismissed with prejudice.

**V.   CONCLUSION**

Plaintiff's claims against Chief of Police John Evans, Officer Sherman, Mayor Betty Ann Cowling-Carson, and the Borough of Magnolia will be dismissed with prejudice because Plaintiff has not alleged viable § 1983 claims.[2] His claims against Judge Daniel Bernardin and Prosecutor Howard Long will also be dismissed with prejudice because they are entitled to absolute immunity. All Defendants are therefore dismissed with prejudice, and the case will be closed on the docket. An accompanying Order will be entered.

| | |
|---|---|
| April 7, 2014 | s/ Jerome B. Simandle |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |

---

[2] Nothing herein determines the merits of Plaintiff's position that his landlord wrongfully evicted him, destroyed property, or stole money and valuables, which are matters for landlord-tenant litigation or other private action in the Superior Court of New Jersey. In any event, no such claims were asserted here and the landlord is not named as a defendant.